```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

WILLIAM LONGSWORTH,            :    CIVIL ACTION NO.
     Movant,                   :    1:09-cv-1411-JEC
                               :
     v.                        :    CRIMINAL ACTION NO.
                               :    1:09-cr-74-JEC
                               :
UNITED STATES OF AMERICA,      :    MOTION TO VACATE
     Respondent.               :    28 U.S.C. § 2255
                               :
```

### ORDER AND OPINION

Movant, Mr. William Longsworth, challenges via 28 U.S.C. § 2255 his judgment of conviction in this Court. Now before the Court are his Motion to Vacate [19] and the Government's Responses [22, 23].

## I. PROCEDURAL HISTORY

On March 13, 2009, Mr. Longsworth entered a guilty plea, admitting "that he is pleading guilty because he is in fact guilty of the crime charged in the Information" (Guilty Plea and Plea Agreement [14-1] at 1): "willfully and knowingly mak[ing] a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States," in violation of 18 U.S.C. § 1542 (Criminal Information [10]).  The plea agreement includes a limited waiver of appeal.  (Plea Agreement [14-1] at 8-9.)

On April 15, 2009, this Court sentenced Mr. Longsworth to a "time-served" sentence.  That is, his sentence length equaled the time he had spent in custody since his arrest on February 9, 2009 to

the date of his sentencing, approximately two months later, and to two years of supervised release to follow.  (J. and Commitment [18]; *see* Order of Temporary Detention [5] and Order of Detention Pending Trial [9].)

Mr. Longsworth did not file a direct appeal, but did file a motion to vacate his sentence, which is now before this Court.  In this motion, movant claims that his counsel provided ineffective assistance by failing to (1) seek a "reduction of probation duration" or inform him of the negative consequences of receiving a period of probation of one year or more, and (2) inform him of "the first offender act."  (Mot. to Vacate [19] at 5-6.)

## II.  **STANDARDS OF REVIEW**

A federal prisoner may file a motion to vacate his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  It is well settled that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

The Supreme Court set forth the standard for evaluating a claim of ineffective assistance of counsel in *Strickland v. Washington*, 466

U.S. 668 (1984). The analysis involves two components, but a court need not address both if the movant "makes an insufficient showing on one." *Id.* at 697. First, the court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. The court should be "highly deferential" in scrutinizing counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In other words, the movant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted). "Given the strong presumption in favor of competence, the [movant's] burden of persuasion–though the presumption is not insurmountable–is a heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000)(en banc). Second, a federal habeas court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability," one "sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The two-part *Strickland* test also applies in the context of a guilty plea, where, "in order to satisfy the 'prejudice' requirement,

3

the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Broce*, 488 U.S. 563, 569 (1989)(stating that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").

Furthermore, "[i]t is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  "[F]or a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* (internal quotations omitted).  Moreover, "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the sentence through a claim of ineffective assistance of counsel during sentencing." *Id.* at 1342. *See also United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)(following the "wealth of authority" in holding "that an ineffective assistance of counsel argument

4

survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"); *United States v. Bushert*, 997 F.2d 1343, 1351 n.17 (11th Cir. 1993)(noting that "[e]ven judicially enforced, knowing and voluntary sentence appeal waivers . . . would not prevent a collateral § 2255 action concerning certain subjects" – "such as a claim of ineffective assistance of counsel or involuntariness of waiver")(internal quotations omitted).

### III.  DISCUSSION

#### A.  The Plea Agreement And The Plea Hearing

The plea agreement that Mr. Longsworth signed on March 13, 2009, includes the following Limited Waiver of Appeal:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Plea Agreement [14-1] at 8-9.)  Attached to the plea agreement is a Certification of Defendant and Attorney, which states, *inter alia,* that Mr. Longsworth "understand[s] that the appeal waiver contained in the Plea Agreement will prevent [him], with the narrow exceptions

5

stated, from . . . challenging [his] conviction and sentence in any post-conviction proceeding." (*Id.* at 11.)

At Mr. Longsworth's plea hearing, the Court confirmed that he understood that he was waiving his right to appeal or challenge his conviction or sentence in the future, either directly or collaterally, unless the Court were to impose a sentence that exceeded his calculated Guidelines range. (Plea Hr'g Tr. [21] at 21-22.) The Court also went through all the required Rule 11 colloquy. *Id.* 4-21.)

### B.  **Claim One: Probation Duration**

Mr. Longsworth first argues that his counsel was ineffective in failing to seek a "reduction of probation duration." (Mot. to Vacate [19] at 5.) Specifically, he argues that had his attorney advocated for and persuaded the Court to impose an "accumulative sentence" of less than one year, it could have helped the defendant in his immigration proceedings, as movant believes that an accumulative sentence of more than one year renders a conviction an aggravated felony, which determination increases the probability of deportation. *Id.*

As to the accuracy of the above allegations, the Court provided Mr. Longsworth with an expedited sentencing hearing and imposed a sentence of time-served. Accordingly, the Court could not have given a more lenient sentence in terms of incarceration. Further, as the

6

time-served sentence represented only approximately two-months in custody, that sentence was obviously less than a year. Presumably, movant means that because the Court imposed a two-year term of supervised release to follow the time-served sentence, this term of supervised release rendered the "accumulative" sentence as being in excess of one year.

The Court has no knowledge whether the imposition of a term of supervised release in excess of one year has adverse consequences on an individual who is facing a deportation proceeding. Even if it did,[1] movant cannot now complain about his attorney's failure to advocate against imposition of that length of supervised release, given his appeal waiver. This is so because a sentence-appeal waiver means that the defendant cannot later assert, through a collateral

---

[1] In fairness to the movant and, in case the matter should ever be resurrected in any future immigration proceeding, the Court does indicate that had the undersigned been told that a two-year term of supervised release would prompt movant's deportation, whereas a term of less than one year would not, the undersigned would have imposed a lesser term of supervised release. The two-year term was an advisory Guidelines recommendation, and the Court could have deviated from it.

The reasons are as follows. Mr. Longsworth has been in the country, and the Atlanta area, for over two decades. He is happily married, with two children, and has no criminal record. While the Court deems the full term of supervised release to be advisable in most situations, including situations involving defendants who are illegally in the country, a term of supervised release of less than one-year would not have been unreasonable for movant. Again, however, the Court has no knowledge whether the term of supervised release had any impact on movant's deportation proceedings.

7

attack, his attorney's allegedly ineffective performance at sentencing. *See Williams*, 396 F.3d at 1341-42; *White*, 307 F.3d at 343; *Bushert*, 997 F.2d at 1351 n.17.

Movant's complaint about his attorney's failure to ask for a lower term of supervised release is a claim that his attorney performed ineffectively at sentencing.[2] As such, it is barred by movant's appeal waiver. Accordingly, this claim cannot succeed.

**C.   Claim Two: First Offender Act**

Mr. Longsworth's second claim fails for the same reason as his first. In the first place, the Court is unfamiliar with a first offender statute in the federal code and presumably, even were there such a provision, the Government would have had to be on board with such a disposition.

Second, as noted above, movant waived his right to challenge his conviction and sentence in a post-conviction proceeding. Therefore, he may not challenge his counsel's allegedly deficient performance in

---

[2] It should be noted that movant is not asserting a *Padilla* claim: that is, a claim that his plea of guilty was invalid because his attorney failed to offer proper advice concerning the potential deportation consequences of a conviction on the charged violation. *See Padilla v. Kentucky*, 559 U.S. 356 (2010).

First, as the plea hearing made clear, movant was well aware that he could well be deported as a result of his conviction. *See* (Plea Hr'g Tr. [21] at 13-15.) Second, the Supreme Court has recently ruled that *Padilla* does not apply retroactively to a person whose conviction has become final. *See Chaidez v. U.S.*, 133 S. Ct. 1103, 1105 (2013).

8

not advocating for a sentence under the "first offender act." *See Williams*, 396 F.3d at 1341-42; *White*, 307 F.3d at 343; *Bushert*, 997 F.2d at 1351 n.17.

### IV. CONCLUSION

For the foregoing reasons, Mr. Longsworth's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [19] is **DENIED**.

**IT IS SO ORDERED** this 14th day of MARCH, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev.8/82)